## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF VIRIGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| AND COMMONWEALTH OF VIRGINIA, | ) | |
| *ex rel.* KIMBERLY HARTMAN, ANNA BASS, | ) | |
| and DEBRA WOODY | ) | |
| | ) | |
| Relators, | ) | |
| v. | ) | Civil Action No. 6:19-cv-00053-NKM |
| | ) | |
| CENTRA HEALTH, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CENTRA HEALTH, INC.'S ANSWER AND AFFIRMATIVE AND
## OTHER DEFENSES TO RELATORS' FIRST AMENDED COMPLAINT

Defendant Centra Health, Inc. ("Centra"), by counsel, submits this Answer and Affirmative and Other Defenses to the First Amended Complaint (Doc. 5) ("Complaint") filed by Relators Kimberly Hartman ("Hartman"), Anna Bass ("Bass") and Debra Woody ("Woody"), (together, "Relators").

## PRELIMINARY STATEMENT

Centra denies all allegations in Relators' Complaint that are not specifically and expressly admitted herein.  To the extent any heading, section, or footnote in Relators' Complaint alleges facts, those facts are denied unless expressly admitted herein.

By Memorandum Opinion and Order dated March 20, 2024 (Doc. 32), the Court granted in part Centra's Motion to Dismiss Relators' Complaint.   The Court dismissed the vast majority of Relators' Complaint concluding that "all but one of Relators' identified schemes fail to state a claim for relief" and the one remaining scheme only states a claim "in part."  (Doc. 32 at 25).

Specifically, the Court "conclude[d] that six of the seven alleged schemes fail to state a claim for relief" and the one remaining scheme only states a claim to the extent that it "concentrates on a particular doctor and specific false claims which were necessarily billed to the government." (Doc. 32 at 12-13). As the Court made clear, this one remaining scheme "does not state a claim in its entirety" and "is limited to allegations involving Dr. [Lisa] Johnson and the nine specific patients identified in Relators' First Amended Complaint." (Doc. 32 at 23, n. 16). The Court held that, aside from Dr. Lisa Johnson and these nine specific patients, "Relators have not stated a particularized claim for relief as to the "[o]ther Centra physicians [who alleged] falsified the amount of time they devoted to consultations" because Relators have not identified these other physicians or their patients." (Doc. 32 at n. 6).

## CENTRA'S ANSWER

Centra, in response to the correspondingly-numbered paragraphs of Relators' Complaint, states as follows:

1.      The allegations in paragraph 1 of the Complaint are legal conclusions to which no response is required. If a response is deemed required, it is admitted only that Relators purport to amend their previously filed Complaint. All other allegations in paragraph 1 of the Complaint are denied.

2.      The allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required. If a response is deemed required, it is admitted only that Relators purport to bring this action. All other allegations in paragraph 2 of the Complaint are denied.

3.      The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required. If a response is deemed required, the allegations in paragraph 3 of the Complaint are denied.

4.      The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, the allegations in paragraph 4 of the Complaint are denied.

5.      The allegations in paragraph 5 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, the allegations in paragraph 5 of the Complaint are denied.

6.      The allegations in paragraph 6 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, the allegations in paragraph 6 of the Complaint are denied.

7.      The allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, the allegations in paragraph 7 of the Complaint are denied.

8.      The allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, the allegations in paragraph 8 of the Complaint are denied.

9.      The allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, it is admitted only that Relators purport to assert that this Court has subject matter jurisdiction over this action.  All other allegations in paragraph 9 of the Complaint are denied.

10.      The allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, it is admitted only that Relators purport to assert that this Court has subject matter jurisdiction over this action.  All other allegations in paragraph 10 of the Complaint are denied.

11.     The allegations in paragraph 11 of the Complaint are legal conclusions to which no response is required.  If a response is deemed required, it is admitted only that Relators purport to assert that venue is proper in this Court.  All other allegations in paragraph 11 of the Complaint are denied.

12.     The allegations in paragraph 12 of the Complaint are admitted.

13.     The allegations in paragraph 13 of the Complaint are admitted.

14.     In response to the allegations in paragraph 14 of the Complaint, it is admitted only that Hartman was formerly employed by Centra.  Centra does not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 14 of the Complaint and, therefore, deny the same.

15.     In response to the allegations in paragraph 15 of the Complaint, it is admitted only that Bass was formerly employed by Centra.  Centra does not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 15 of the Complaint and, therefore, deny the same.

16.     In response to the allegations in paragraph 16 of the Complaint, it is admitted only that Woody was formerly employed by Centra as an administrative assistant.  Centra does not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 16 of the Complaint and, therefore, deny the same.

17.     In response to the allegations in paragraph 17 of the Complaint, it is admitted only that Centra is a regional nonprofit health care system based in Lynchburg, Virginia, and that Centra owns and operates Lynchburg General Hospital ("LGH") and Virginia Baptist Hospital ("VBH").  Except as expressly admitted, the allegations in paragraph 17 of the Complaint are denied.

18.     The allegations in paragraph 18 of the Complaint are denied.

19.     In response to the allegations in paragraph 19 of the Complaint, it is admitted only that Hartman was Unit Manager of the Child and Adolescent Psychiatric Unit ("CAPU") and East was her supervisor.  Except as expressly admitted, the allegations in paragraph 19 of the Complaint are denied.

20.     In response to the allegations in paragraph 20 of the Complaint, it is admitted only that Centra is a regional nonprofit health care system based in Lynchburg, Virginia that provides health care services including mental health services to juvenile, adolescent, adult and geriatric patients.  Except as expressly admitted, the allegations in paragraph 20 of the Complaint are denied.

21.     The allegations in paragraph 21 of the Complaint are denied.

22.     The allegations in paragraph 22 of the Complaint are denied.

23.     The allegations in paragraph 23 of the Complaint are denied.

24.     The allegations in paragraph 24 of the Complaint are denied.

25.     The allegations in paragraph 25 of the Complaint are denied.

26.     The allegations in paragraph 26 of the Complaint are denied.

27.     The allegations in paragraph 27 of the Complaint are denied.

28.     The allegations in paragraph 28 of the Complaint are denied.

29.     Centra does not have sufficient information or knowledge to admit or deny the allegations in paragraph 29 of the Complaint and, therefore, denies the same.

30.     The allegations in paragraph 30 of the Complaint are denied.

31.     The allegations in paragraph 31 of the Complaint are denied.

32.     The allegations in paragraph 32 of the Complaint are denied.

33.     The allegations in paragraph 33 of the Complaint are denied.

34.     The allegations in paragraph 34 of the Complaint are denied.

35.     The allegations in paragraph 35 of the Complaint are denied.

36.     The allegations in paragraph 36 of the Complaint are admitted.

37.     The allegations in paragraph 37 of the Complaint are admitted.

38.     The allegations in paragraph 38 of the Complaint are admitted.

39.     The allegations in paragraph 39 of the Complaint are admitted.

40.     The allegations in paragraph 40 of the Complaint are admitted.

41.     The allegations in paragraph 41 of the Complaint are admitted.

42.     The allegations in paragraph 42 of the Complaint are denied.

43.     The allegations in paragraph 43 of the Complaint are denied.

44.     In response to the allegations in paragraph 44 of the Complaint, it is admitted only that Woody was formerly employed by Centra as an administrative assistant. Except as expressly admitted, the allegations in paragraph 44 of the Complaint are denied.

45.     The allegations in paragraph 45 of the Complaint are denied.

46.     The allegations in paragraph 46 of the Complaint are denied.

47.     The allegations in paragraph 47 of the Complaint are denied.

48-103.     No response is required to paragraphs 48-103 of the Complaint because these alleged schemes and all associated claims have been dismissed from this action pursuant to the Court's Memorandum Opinion and Order dated March 20, 2024 (Doc. 32). If a response is deemed required, the allegations in paragraphs 48-103 are denied.

104.    The allegations in paragraph 104 of the Complaint are denied.

105.    The allegations in paragraph 105 of the Complaint are denied.

106.    The allegations in paragraph 106 of the Complaint are denied.

107.    The allegations in paragraph 107 of the Complaint are denied.

108.    The allegations in paragraph 108 of the Complaint are denied.

109.    The allegations in paragraph 109 of the Complaint are denied.

110.    The allegations in paragraph 110 of the Complaint are denied.

111.    The allegations in paragraph 111 of the Complaint are denied.

112.    The allegations in paragraph 112 of the Complaint are denied.

113-132.    No response is required to paragraphs 113-132 of the Complaint because these alleged schemes and all associated claims have been dismissed from this action pursuant to the Court's Memorandum Opinion and Order dated March 20, 2024 (Doc. 32). If a response is deemed required, the allegations in paragraphs 113-132 are denied.

133.    Centra repeats and incorporates each of its responses to the allegations contained in the foregoing paragraphs of the Complaint as if fully set forth herein.

134.    The allegations in paragraph 134 of the Complaint are denied.

135.    The allegations in paragraph 135 of the Complaint are denied.

136.    The allegations in paragraph 136 of the Complaint are denied.

137.    The allegations in paragraph 137 of the Complaint are denied.

138.    The allegations in paragraph 138 of the Complaint are denied.

139.    The allegations in paragraph 139 of the Complaint are denied.

140.    The allegations in paragraph 140 of the Complaint are denied.

141.    The allegations in paragraph 141 of the Complaint are denied.

142.    Centra repeats and incorporates each of its responses to the allegations contained in the foregoing paragraphs of the Complaint as if fully set forth herein.

143.    The allegations in paragraph 143 of the Complaint are denied.

144.     The allegations in paragraph 144 of the Complaint are denied.

145.     The allegations in paragraph 145 of the Complaint are denied.

146.     The allegations in paragraph 146 of the Complaint are denied.

147.     The allegations in paragraph 147 of the Complaint are denied.

148.     The allegations in paragraph 148 of the Complaint are denied.

149.     The allegations in paragraph 149 of the Complaint are denied.

150.     The allegations in paragraph 150 of the Complaint are denied.

151-158.     No response is required to paragraphs 151-158 of the Complaint because these alleged retaliation claims have been dismissed from this action pursuant to the Court's Memorandum Opinion and Order dated March 20, 2024 (Doc. 32). If a response is deemed required, the allegations in paragraphs 151-158 are denied.

The allegations contained in the unnumbered "WHEREFORE" paragraphs at the conclusion of the Complaint are denied.

The jury demand at the conclusion of the Complaint requires no response. Centra also demands trial by jury on any issue so triable.

**<u>CENTRA' AFFIRMATIVE AND OTHER DEFENSES</u>**

Without any admission as to the burden of proof, Centra asserts the following affirmative and other defenses. Centra expressly reserves the right to amend their Answer and/or raise additional defenses as additional information becomes available through further investigation and discovery. Centra also expressly reserves their right to offer all facts and evidence showing that Centra is not liable for Relators' claims. As and for its affirmative and other defenses, Centra states as follows:

1.     Relators' Complaint fails to state a claim upon which relief can be granted.

2.      Relators' claims are barred in whole or in part by the statute of limitations contained in the federal False Claims Act.

3.      Relators' claims are barred in whole or in part by government knowledge.

4.      Relators' claims are barred under the False Claims Act public disclosure bar because the claims, allegations, and transactions described in the Complaint were "publicly disclosed" prior to the filing or unsealing of the lawsuit; and Relators are not an "original source" of the information as defined by section 3730(e)(4)(B).

5.      The damages and civil fines Relators seek are grossly disproportionate to Centra's alleged conduct and, therefore, would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution if Centra were held liable under Relators' theory of the case.

6.      The damages and civil fines Relators seek are grossly disproportionate to Centra's alleged conduct and, therefore, would violate the Due Process Clause of the Fifth Amendment of the United States Constitution if Centra were held liable under Relators' theory of the case.

7.      Relators fail to allege and cannot prove a false statement or fraudulent course of conduct.

8.      Relators fail to allege and cannot prove the requisite scienter.

9.      Relators fail to allege and cannot prove materiality.

10.     Relators fail to allege and cannot provide that the alleged actions caused the Government to pay out money or to forfeit moneys due.

11.     Relators fail to allege and cannot prove that a false or fraudulent claim was actually presented to the Government for payment.

12.     All actions taken by Centra were taken in good faith for reasonable and legitimate business reasons, and not in violation of any law, rule, regulation or public policy.

13.     Relators' claims and damages are precluded in whole or in part by their own conduct and violation of Centra's policies, practices and/or procedures, and/or applicable laws and regulations.

14.     Relators' claims are barred in whole or in part by the doctrines of unclean hands, laches, and/or waiver.

15.     Relators' claims are barred in whole or in part because they are estopped as to such claims by their own actions.

16.     Relators' claims are unavailable in whole or in part because there were no damages to the Government.

17.     Relators' claims are unavailable in whole or in part because there was no causal connection between Centra's alleged conduct and any damages which the Government allegedly suffered.

18.     Relators are barred in whole or in part from seeking relief from Centra because the alleged losses set forth in their Complaint did not result from anything Centra allegedly did or allegedly failed to do.

19.     Relators are barred, estopped, otherwise have waived or are precluded from seeking damages or other relief against Centra on behalf of the Government, themselves or otherwise.

20.     Woody has waived and is precluded from recovering a percentage of any judgment or any other recovery against Centra or her attorneys' fees, costs or expenses under her Separation Agreement with Centra (Doc. 26-1).

21.     Hartman has waived and is precluded from recovering a percentage of any judgment or any other recovery against Centra or her attorneys' fees, costs or expenses based on her unlawful conduct, including, but not limited to, her falsification of a Centra email and submission of that falsified email to State and Federal Agencies to frame Centra and launch and further a Government investigation against Centra for her personal financial gain as alleged in Centra's Third Amended Counterclaims in Case 6:20-cv-000027-NKM (Doc. 105).  As set forth in Centra's Third Amended Counterclaims, Hartman, among other things, committed computer trespass and used a computer as an instrument of forgery in violation of applicable federal and state law.

22.     Relators' claims are barred in whole or in part by failure to mitigate damages.

23.     Any monetary relief Relators seek, or might otherwise be entitled to receive, must be offset by all amounts Relators owe to Centra.

24.     Relators' claims are barred, in whole or in part, by their failure to adhere to the applicable statute of limitations, required time period for asserting claims, and/or other statutory or other provisions of law.

25.     Centra calls upon Relators for strict proof of each and every element of their claims and damages alleged in the Complaint.

26.     Centra reserves the right to assert any other defense that comes to light during the discovery of this action and to amend this Answer upon the discovery of a factual basis for any such defense.

27.     Centra reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, which may now exist or in the future be available based on investigation or discovery.

WHEREFORE, Centra, by counsel, has fully answered and set forth its affirmative and other defenses and respectfully moves the Court to enter final judgment in its favor, to dismiss this action from the Court's docket, to award Centra its attorneys' fees, costs and expenses, and to grant Centra such further and other relief as the Court deems proper.

**Rule 38(b)(1) Jury Demand**

Pursuant to Rule 38(b)(1), Centra demands trial by jury on any and all issues so triable.

Dated:  April 3, 2024                              Respectfully submitted,

                                                   CENTRA HEALTH, INC.

                                                   By: /s/ Joshua F. P. Long
                                                            Of Counsel

Elizabeth Guilbert Perrow, Esq. (VSB No. 42820)
Joshua F. P. Long, Esq. (VSB No. 65684)
WOODS ROGERS VANDEVENDTER BLACK  PLC
P. O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
eperrow@woodsrogers.com
jlong@woodsrogers.com

*Counsel for Defendant Centra Health, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to all counsel of record.

                                                   /s/ Joshua F. P. Long